UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AL-EL LORREN VINCENTE WHITFIELD d/b/a LORREN V. WHITFIELD – A Religious Trust, TORRES JR., ANGEL L. and WHITFIELD, LORREN V., <br><br>                              Plaintiffs, <br><br>              v. <br><br> NEW YORK CITY HOUSING AUTHORITY, GREG RUSS, PHIL CINCOTTA, NICOLE VAN GENDT, and BROOKLYN MANAGEMENT ADMINISTRATION EMPLOYEES JOHN DOES 1-3, <br><br>                              Defendants. | **MEMORANDUM AND ORDER** <br><br> 22-CV-3737 (LDH) (LB) |

LASHANN DEARCY HALL, United States District Judge:

      Al-El, Lorren V. Whitfield d/b/a Lorren V. Whitfield – A Religious Trust ("Al-El Trust"), Lorren Vincente Whitfield ("Whitfield"), and Angel Luis Torres, Jr. ("Torres") (collectively, "Plaintiffs"), proceeding pro se, bring the instant action against New York City Housing Authority ("NYCHA"), Greg Russ, Phil Cincotta, Nicole Van Gendt, and Brooklyn Management Administration Employees John Does 1–3 (collectively, "Defendants"), asserting claims under 42 U.S.C. §§ 1981, 1983, 1986, 2000e-2, Title VII and the Fourteenth Amendment for employment discrimination.  Defendants move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety.

<strong>BACKGROUND[1]</strong>

      Although the complaint is not a model of clarity, it appears that Whitfield was employed by Defendants as a Mason's Helper.  (Complaint ("Compl.") at 4, ECF No. 1; Defs.' Mem. Supp. Mot. Dismiss (Defs.' Mem") at 2, ECF No. 20-2.)  At some point in time, Whitfield was

---

[1] The following facts are taken from the complaint (ECF No. 1) are assumed to be true for the purpose of deciding the instant motion.

suspended from his position.  (*Compl.* at 4.)  He was subsequently reinstated after he successfully disputed his suspension.  (*Id.*)  In September 2014, Whitfield sued Defendant NYCHA in Kings County Supreme Court for breach of contract and harassment.  (*Id.* at 4; Ahn Decl. ¶ 3, Ex. A, ECF No. 20–1.)  The case was dismissed.  (*Compl.* at 4.)  Whitfield alleges that after his case was dismissed, certain unnamed "administrative agents" sought to harass and intimidate him.  (*Id.* at 4.)  In addition, on August 24, 2018, Defendant Cincotta assigned Whitfield to a dangerous project, where Whitfield sustained serious physical and emotional injuries.  (*Id.*)  Whitfield sought medical attention and also filed a worker's compensation claim. (*Id.* at 4.)

On June 13, 2019, Defendants terminated Whitfield.  (*Id.* at 4.)  Whitfield alleges that he was terminated because of a "work related or supervision caused injury [that] [was] unlawful[] [and] discriminatory."  (*Id.* at 4.)  Whitfield further alleges that during an unspecified period of time, Defendant Cincotta intimidated and retaliated against him by giving him "abnormal" assignments and threatening him with disciplinary action.  (*Id.*)  Plaintiffs assert violations of several federal statutes, and seek $300,000 from each Defendant, full back pay, reinstatement of Whitfield's title with promotions, and reimbursement for attorney's fees and costs.  (*Id.* at 5.) Plaintiffs also seek several reasonable accommodations, including that Whitfield be assigned to work no more than two miles from his home and that he receive a promotion.  (*Id.* at 5.)

## DISCUSSION

### I.    TRUST CAPACITY TO SUE

Defendants argue that the Al-El Trust, which according to Plaintiffs is an "unincorporated religious and educational [b]usiness trust on record," is incapable of bringing a pro se legal action pursuant to 28 U.S.C. § 1654.  (Defs.' Mem.at 3.)  28 U.S.C. § 1654 states that "[i]n all courts of the United States the parties may plead and conduct their own cases

2

personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The Second Circuit has interpreted this provision as allowing "two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks omitted); *see also Berrios v. New York City Housing Authority*, 564 F.3d 130, 132 (2d Cir. 2009) (same) (quoting *Lattanzio*, 481 F.3d at 139). Significantly, 28 U.S.C. § 1654 also does not allow "unlicensed laymen to represent anyone else other than themselves," including "artificial entities." *Lattanzio*, 481 F.3d at 132 (citation omitted).

The Court is not altogether clear whether the complaint lodges a claim by the Trust. According to the caption, it is Plaintiff Whitfield and Plaintiff Torres, as trustees, who are identified as Plaintiffs. However, in the body of the complaint, Plaintiffs identify the Trust as a plaintiff. To the extent Plaintiffs intended for the Al-El Trust to bring a claim, Defendants are correct that trusts cannot proceed pro se. *See, e.g.*, *Hui Yu v. Town of Southold*, 2011 WL 647487, at *1 (E.D.N.Y. Feb. 11, 2011) (stating that "an artificial entity such as a trust may not litigate *pro se*"); *see also Lee v. Citibank*, 2012 WL 5305206, at *1 n.1 (W.D.N.Y. Oct. 25, 2012) (noting if a trust was a plaintiff in the action, "the complaint would need to be dismissed [pursuant to 28 U.S.C. § 1654] because Thomas Lee is not a licensed attorney and therefore cannot represent the Trust," and ultimately "construe[d] the complaint as being brought by Thomas Lee as plaintiff").

Pro se Plaintiffs are not permitted to represent themselves. Therefore, to the extent that pro se Plaintiffs Whitfield and Torres purport to represent the Al-El Trust in the action and do

not allege to be practicing attorneys, they do not have the authority to represent the interests of the Al-El Trust. [2] *See, e.g.*, *Gabayzadeh v. Taylor*, 2009 WL 2983013, at *2, *5 (E.D.N.Y. Sept. 14, 2009) (adopting a report and recommendation that determined that a pro se plaintiff's complaint must be dismissed because a pro se plaintiff does not have the authority to represent the interests of trusts she purports to represent); *Sharp v. 74 Eldert Funding Inc.*, 2016 WL 3877869, at *3 (E.D.N.Y. July 12, 2016) (dismissing without prejudice claims brought by corporate plaintiff, Sharp Realty LLC, because pro se plaintiffs cannot represent it).

Plaintiffs, in opposition, argue that "in their fiduciary capacity [they] have legal and lawful capacity with equitable standing," that they are "not members of the legal society and [are] not concerned with legalities [w]hich are for its members," and that, according to C.J.S. 90 Trusts §s 454(b) and 430 and Oklahoma and Ohio state law, Plaintiffs generally have the legal capacity to bring this action.  (Pls.' Opp'n at 3.)  These arguments are without merit.

Accordingly, the Al-El Trust is dismissed from this action.

## II.    SUBJECT MATTER JURISDICTION

Defendants argue that Plaintiff's complaint should be dismissed because he fails to plead a federal question.  (Defs.' Mem. at 9–10.)  The Court disagrees.

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 616 (2d Cir. 2019) (citation omitted).  Among the most important of these limits is subject matter jurisdiction, which informs "a court's competence to adjudicate a particular category of cases."

---

[2] Plaintiff Torres signed the complaint as the "[p]ower of attorney." (Compl. at 2, 4.)  However, a non-attorney agent with power of attorney may not appear pro se on behalf of the principal.  *See Whitfield v. Johnson*, 2018 WL 1385890, at *2 (E.D.N.Y. Mar. 19, 2018) (finding that pursuant to 28 U.S.C. Section 1654, a "non-attorney agent with power of attorney may not appear *pro se* on behalf of the principal.").  In addition, Plaintiffs Whitfield and Torres do not allege or provide any documents to show that Plaintiff Torres is a licensed attorney, such that he can represent Whitfield or the Al-El Trust.

*Id.* at 617 (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

To establish subject matter jurisdiction, a plaintiff may either (1) "plead[] a colorable claim 'arising under' the Federal Constitution or laws," or (2) "present[] a claim between parties of diverse citizenship that exceeds the required jurisdictional amount" of $75,000.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citing 28 U.S.C. §§ 1331, 1332)."If a court lacks subject matter jurisdiction, it must dismiss the action."  *Shuford v. United States*, No. 13-CV-06303, 2014 WL 4199408, at *1 (E.D.N.Y. Aug. 21, 2014).  A court evaluating a motion to dismiss under Rule 12(b)(1) "accepts as true all factual allegations in the complaint, but does not draw inferences favorable to the party asserting jurisdiction."  *Foad v. Holder*, No. 13-CV-6049, 2015 WL 1540522, at *2 (E.D.N.Y. Apr. 7, 2015) (citing *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).  Importantly, a plaintiff asserting subject matter jurisdiction must prove by a preponderance of the evidence that subject matter jurisdiction exists.  *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

Here, Defendants argue that Plaintiff fails to raise a federal question because he merely cites to numerous federal statutes, such as 42 U.S.C. §§ 1981, 1983, 1986, 2000e-2, Title VII and the Fourteenth Amendment, but it is "impossible to discern a federal question" from the complaint.  (Compl. at 3; Defs.' Mem. at 8–10.)  However, to construe the complaint liberally, the Court concludes that Plaintiff Whitfield has advanced an ADA discrimination claim and an ADA retaliation claim.

However, as discussed below, this conclusion does not save his claim.

### III.     ADA AND RETALIATION CLAIMS

#### A.  ADA Discrimination

Title I of the ADA prohibits employers from "discriminat[ing] against a qualified individual *on the basis of* disability in regard to . . . the hiring, advancement, or discharge of employees." 42 U.S.C. § 12112(a) (emphasis added).  *Natofsky v. City of New York*, 921 F.3d 337, 346 (2d Cir. 2019).  Among other things, to prevail on an ADA claim, Plaintiff Whitfield must "prove that discrimination was the but-for cause of any adverse employment action." *Natofsky,* 921 F.3d  at 348.

Plaintiff alleges that he was terminated on June 13, 2019 due to "work related or supervision," and requests that he be given a "reasonable accommodation[]" and "re-instated and promoted to Provisional (Special) Bricklayer supervisor for 84 consecutive months" or as a "1099/W8BEN Worker."  (Compl. at 4-5.)  But, according to a letter Plaintiff attaches to his complaint, which he received from his former employer on June 18, 2019, Plaintiff's employer stated that he was terminated on June 13, 2019 "because [he] had been absent for a total of one year by reason of disability."  (Compl. at 14.)  In that letter, Defendant cited to New York Civil Service Law, Section 71, pursuant to which "[u]pon the exhaustion of leave for disability resulting from an occupational injury or disease as defined in the Workers' Compensation Law, . . . the service of the employee shall be terminated as a matter of law."  4 N.Y.C. Section 5.9. Thus, based on this, Plaintiff's termination was not the result of discrimination, but rather to the employer's rights and obligations under law.  And, Plaintiff has not alleged any other facts to allow the Court to conclude that discrimination was a but-for causation of his termination.

#### B.  Retaliation Claim

Plaintiff's retaliation claim is equally flawed.  Plaintiff only alleges that Defendant Cincotta "retaliate[d] and intimidate[d]" Plaintiff by giving him "abnormal assignments and

[issuing] threats of disciplinary action." (Pl.'s Compl. at 4.)  To survive a motion to dismiss an ADA retaliation claim, a plaintiff must plausibly allege that his employer discriminated against or took an adverse employment action against him because he has opposed an unlawful employment practice. *Laface v. Eastern Suffolk Boces*, 349 F. Supp. 3d 126, 149 (E.D.N.Y. 2018) ("To survive a motion to dismiss, the 'plaintiff must plausibly allege that (1) [his employer] discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice.'") (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015)).  However, with respect to Plaintiff's retaliation claim, Plaintiff fails to allege what "unlawful employment practice" he opposed such that he was terminated because of it.  The ADA retaliation claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  The complaint is DISMISSED without prejudice.  The Court hereby directs Plaintiffs, no later than 30 days from the date of this memorandum and order, to retain counsel.  Once counsel is retained, Plaintiffs are permitted to file an amended complaint no later than 30 days after they have retained counsel.  Counsel for the Government shall serve a copy of this memorandum and order on Plaintiffs and file proof of service via ECF.


SO ORDERED.

Dated:  Brooklyn, New York          /s/ LDH_____
      September 29, 2023          LASHANN DEARCY HALL
                                  United States District Judge